UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC E. HOUSTON, pro se,<br><br>          Petitioner,<br><br>vs.<br><br>WARDEN J.L. NORWOOD, et al.,<br><br>          Respondents. | Case No. CV 09-0528-JFW(RC)<br><br>OPINION AND ORDER ON A<br>PETITION FOR HABEAS CORPUS |

On January 23, 2009, petitioner Eric E. Houston, a federal prisoner proceeding pro se, filed a purported petition for a writ of habeas corpus under 28 U.S.C. § 2241, claiming federal prison officials are subjecting him to "cruel and unusual punishment" by placing him in administrative segregation and retaliating against him by "tampering and holding [his] mail." Petition at 3-4. This purported petition is **identical** to the purported petition filed in Houston v. Norwood, case no. CV 09-0268-JFW(RC), which was dismissed without prejudice on January 22, 2009.[1]

---

[1] This Court, pursuant to Federal Rule of Evidence 201, takes judicial notice of the records in two prior purported federal habeas corpus action brought by petitioner: Houston v. Herrera, case no. CV 03-5478-JFW(RC) ("Houston I"), and Houston

**DISCUSSION**

As this Court previously explained to petitioner, historically, the function of the writ of habeas corpus is to secure immediate release from illegal physical custody. Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833, 36 L. Ed. 2d 439 (1973). Habeas corpus "lies to enforce the right of personal liberty; when that right is denied and a person confined, the federal court has the power to release him. Indeed, it has no other power[.]" Faye v. Noia, 372 U.S. 391, 430-31, 83 S. Ct. 822, 844, 9 L. Ed. 2d 837 (1963), overruled on other grounds, Coleman v. Thompson, 501 U.S. 722, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991).

Here, the instant petition does not challenge the length or duration of petitioner's confinement, or the manner in which it is being carried out; rather, it challenges conditions of petitioner's prison confinement. Such a challenge is not properly brought in a habeas corpus proceeding, but is more properly brought in a civil rights action. Preiser, 411 U.S. at 499, 93 S. Ct. at 1841; Badea v. Norwood, case no. CV 09-0268-JFW(RC) ("Houston II"). The records in Houston I show that on July 31, 2003, petitioner filed his first purported federal petition for writ of habeas corpus under 28 U.S.C. § 2241, and that petition, like this one, was really a civil rights complaint. In the Report and Recommendation discussing the petition, the Court clearly explained to petitioner that he had not properly brought a habeas corpus action, but he had brought a civil rights action, and before bringing a civil rights action he must comply with the Prison Litigation Reform Act of 1995 and exhaust his available administrative remedies. Judgment was entered on February 20, 2004, dismissing Houston I without prejudice. Yet, the pending petition has the same deficiencies as Houston I. On January 13, 2009, petitioner filed Houston II, which is identical to this action, and which was dismissed without prejudice on January 22, 2009.

1  Cox, 931 F.2d 573, 574 (9th Cir. 1991).

2

3       This Court cannot convert the instant habeas corpus petition into
4  a civil rights or Bivens action[2] because, among other things, the
5  petitioner has not complied with the requirements of the Prison
6  Litigation Reform Act of 1995 ("PLRA").  An action with respect to
7  prison conditions is defined in the PLRA as "any civil proceeding
8  arising under Federal law with respect to the conditions of
9  confinement or the effects of actions by government officials on the
10 lives of persons confined in prison. . . ."  18 U.S.C. § 3626(g)(2).
11 Given this broad statutory definition, the instant petition certainly
12 constitutes an action with respect to prison conditions and, as such,
13 is controlled by the PLRA.  Yet, petitioner has not complied with the
14 PLRA and its requirements for filing in forma pauperis.  If petitioner
15 seeks to bring a civil rights action, he must file a complaint and
16 comply with the requirements of PLRA, including exhausting available
17 administrative remedies.[3]

18

19      Local Rule 72-3.2 provides for the summary dismissal of habeas
20 corpus petitions "if it plainly appears from the face of the petition
21 and any exhibits annexed to it that the petitioner is not entitled to
22 //
23 //
24 //

25
---
26    [2]   Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S.
      388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).
27
28    [3]   The Bureau of Prisons has established an administrative
      procedure by which an inmate may seek review of any aspect of
      imprisonment.  See 28 C.F.R. §§ 542.10 et seq.

relief. . . ." Since petitioner is not entitled to habeas relief, this matter should be summary dismissed under Local Rule 72-3.2.[4]

**ORDER**

IT IS ORDERED that Judgment be entered summarily dismissing the petition and action without prejudice.

DATE: January 28, 2009

JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

DATE: January 27, 2009

/S/ Rosalyn M. Chapman
ROSALYN M. CHAPMAN
UNITED STATES MAGISTRATE JUDGE

---

[4] The petitioner is advised that he should cease abusing the writ of habeas corpus, as in Houston I and herein, or the Court will consider sanctioning him or declaring him to be a vexatious litigant.

R&R-MDO\09-0268.mdo
1/26/09